UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MURIEL'S NEW ORLEANS, LLC** | * | **CIVIL ACTION:** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **STATE FARM FIRE AND CASUALTY COMPANY** | * | **SECTION:** |
| | * | |
| | * | **MAGISTRATE:** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

**NOW COMES**, through undersigned counsel, Defendant State Farm Fire and Casualty Company ("State Farm"), who, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this matter from the Civil District Court for the Parish of Orleans, to the docket of this Honorable Court.

### I.  INTRODUCTION

1. This is an insurance coverage and bad faith case. On June 22, 2020, Plaintiff, a restaurant located in the French Quarter in New Orleans, filed its Petition for Damages in Cause No. 2020-5043 in the Civil District Court for Orleans Parish, Louisiana. Exhibit C. The suit arises from a claim for loss of business income made by Plaintiff under its State Farm policy number 98-BT-Q670-6, which policy is incorporated by reference into Plaintiff's Petition and a certified copy of which is attached hereto as Exhibit D.

2. Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendant.

3. Plaintiff alleges multiple causes of action against Defendant, State Farm, related to State Farm's handling of an insurance claim submitted by Plaintiff following the Covid-19 outbreak. Generally, Plaintiff alleges its State Farm policy provides coverage for Plaintiff's loss of income following the cessation of its business caused by "shut down" orders related to Covid-19. Specifically, Plaintiff alleges breach of the insurance contract and seeks a "judicial declaration as to its rights and State Farm's obligations under the State Farm policy, stating the actions and orders of the State of Louisiana and/or City of New Orleans, Parish of Orleans have rendered the Cover [sic] Property unfunctional and therefore constitute and/or have caused a direct physical loss that triggers and affords civil authority coverage under the policy." Exhibit C at ¶ 51. Plaintiff seeks damages in an unspecified amount, for "lost business income resulting from the action of a civil authority in the midst of a pandemic." Exhibit C at ¶ 1. Plaintiff further prays for costs of suit; for interest on the judgment; for pre-judgment interest; and for statutory penalties and attorneys fees. Exhibit C at p. 8.

4. Defendant did not file an Original Answer in state court prior to removal, and thus will file its initial responsive pleading in accordance with Federal Rule of Civil Procedure 81(c).

5. Defendant now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the Orleans Parish state court in which this case was previously pending.

    **II.    GROUNDS FOR REMOVAL**

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

### A. Complete Diversity Exists Between the Parties

7. Plaintiff Muriel's of New Orleans, LLC is a limited liability corporation organized under the laws of Louisiana. Plaintiff's members are as follows:

   a. **Richard Gratia.** Richard Gratia is a domiciliary of the age of majority of the State of Louisiana. Therefore, Richard Gratia is a citizen of the State of Louisiana;

   b. **Leirum, LLC.** Leirum LLC is a Connecticut limited liability company whose sole member is Douglas Ahlers. Douglas Ahlers is a domiciliary of the age of majority of the State of Nevada. Therefore, Douglas Ahlers is a citizen of the State of Nevada. Accordingly, pursuant to 28 U.S.C. § 1332(c)(2), Leirum, LLC is a citizen of the State of Nevada;

   c. **Douglas Ahlers.** Douglas Ahlers is a domiciliary of the age of majority of the State of Nevada. Therefore, Douglas Ahlers is a citizen of the State of Nevada; and

   d. **Joshua Grapski.** Joshua Grapski is a domiciliary of the age of majority of the State of Louisiana. Therefore, Joshua Grapski is a citizen of the State of Louisiana.

   Accordingly, pursuant to 28 U.S.C. § 1332(c)(2), Plaintiff is a citizen of Louisiana and Nevada.

8. State Farm Fire and Casualty Company was, at the time this action was commenced, and still is, a citizen of Illinois, pursuant to 28 U.S.C. § 1332(c)(1).

### B. The Amount in Controversy Exceeds $75,000.00

9. Additionally, the claims asserted by Plaintiff exceed $75,000. Plaintiff seeks monetary damages under the Policy's personal business property and loss of income coverages. Exhibit C at ¶ 47.

10. In accordance with its terms, conditions, and provisions (all of which are incorporated by reference as if fully set forth herein) the Spoilage portion of the Policy provides up to $206,000.00 in coverage for covered losses. Exhibit D at p. 97.[1]

11. In accordance with its terms, conditions, and provisions (all of which are incorporated by reference as if fully set forth herein) the Loss of Income and Extra Expense portion of the policy provides coverage up to the amount of the actual loss sustained for a limit of twenty-four (24) months. Exhibit D at p. 98.

12. By May 18, 2020 letter sent to State Farm via Federal Express, Plaintiff demanded coverage under the Policy's Spoilage coverage for a loss in the amount of $6,935.11. Exhibit E (sometimes hereinafter, the "Demand"). The Demand predicted that Plaintiff would "incur additional losses as they work to reopen." Exhibit E.[2]

13. In addition, Plaintiff demanded coverage under the Policy's Loss of Income and Extra Expense coverage for a loss in the amount of $976,579.33. Exhibit E.

---

[1] Specifically, the Petition alleges entitlement to coverage under three separate "Spoilage" coverages, which coverages have limits of $200,000.00, $5,000.00, and $1,000.00, respectively.

[2] Enclosed with the Demand were forty-two (42) pages of Plaintiff's internal financial documents which Plaintiff submitted in support of its Demand. In the interest of Plaintiff's privacy, Defendant has not attached the Demand's supporting documents. Should the Court so require, however, Defendant is prepared to submit documentary evidence which tends to show that the Demand genuinely reflects Plaintiff's "good faith" assessment of its claims. *See Pershing LLC v. Kiebach*, 101 F. Supp. 3d 568, 571 (E.D. La. 2015), *aff'd sub nom. Pershing, L.L.C. v. Kiebach*, 819 F.3d 179 (5th Cir. 2016) ("Where the plaintiff has claimed, as in this case, 'a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith'") (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

{S0152072.3}

14. In total, the Demand valued Plaintiff's claims at $983,514.44 and predicted that Plaintiff's claim would continue to increase in value. Now in litigation, Plaintiff is seeking statutory penalties and attorney's fees, in addition to the damages alleged in the Demand.

### III. VENUE

15. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the Civil District Court for the Parish of Orleans.

### IV. PROCEDURAL REQUIREMENTS

16. Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
|---|---|
| **A.** | Certified Copy of State Court Record |
| **B.** | State Farm's Certificate of Compliance |
| **C.** | Plaintiff's Petition for Damages |
| **D.** | Certified Copy of State Farm Policy Number 98-BT-Q670-6 |
| **E.** | Copy of Plaintiff's May 18, 2020 Correspondence (the "Demand") |

17. The amount in controversy is not facially apparent from the face of Plaintiff's Petition and, therefore, the thirty (30) day statutory deadline for removal has not yet begun to run. However, this Notice of Removal is nonetheless being filed within thirty (30) days of service of the citation and Plaintiff's Petition, and is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiff and Defendant with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

18. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice. Exhibit A.

19.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same. Exhibit B.

20.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the Civil District Court of Orleans Parish, Louisiana promptly after filing of same. Exhibit B.

21.     Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served join and consent to the removal of this action. Defendant State Farm Fire and Casualty Company is the sole defendant named in Plaintiff's Petition.

**WHEREFORE**, Defendant, State Farm Fire and Casualty Company, prays that this Notice of Removal will be deemed good and sufficient and that this matter will be accepted onto this Court's docket.

Respectfully submitted,

*/s/     Chelsea C. Crews*
DAVID A. STRAUSS, #24665
CHELSEA C. CREWS, #38176
STRAUSS MASSEY DINNEEN LLC
935 Gravier Street, Suite 1450
New Orleans, Louisiana 70112
Office: 504-380-0290
Fax: 504-332-8434
dstrauss@smd-law.com
ccrews@smd-law.com

*Counsel for Defendant State Farm Fire and Casualty Company*

6

{S0152072.3}

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2020, I served the foregoing on all counsel of record via electronic and/or U.S. mail.

*/s/ Chelsea C. Crews*
**CHELSEA C. CREWS**

{S0152072.3}