## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MURIEL'S NEW ORLEANS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2295** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | **SECTION: "G"(5)** |

### ORDER

This litigation arises from an alleged denial of insurance coverage for damages arising from the COVD-19 pandemic. Pending before the Court is Plaintiff Muriel's New Orleans, LLC's ("Muriel's) "Motion to Remand."[1] Defendant State Farm Fire and Casualty Company ("State Farm") opposes the motion. Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies Muriel's motion to remand.

### I. Background

On June 22, 2020, Muriel's filed a petition against State Farm in the Civil District Court for the Parish of Orleans, State of Louisiana.[2] In the petition, Muriel's alleges that it entered into an "all-risk" insurance contract with State Farm to cover losses at its restaurant, Muriel's Jackson Square, in New Orleans, Louisiana (the "Policy").[3] According to Muriel's, the Policy was in "full effect, providing property, business personal property, business income, and extra expense, and

---

[1] Rec. Doc. 9.

[2] Rec. Doc. 1-1.

[3] *Id.* at 2–3.

1

additional coverages between the period of June 19, 2019 through June 19, 2020."[4] During this time, Muriel's allegedly "faithfully paid policy premiums" to State Farm.[5] Muriel's alleges that under the Policy, insurance coverage is extended to "apply to the actual loss of business income sustained and necessary extra expenses incurred when access to the insured premises is specifically prohibited by order of civil authority."[6]

In March and April 2020, in response to the COVID-19 pandemic, Louisiana Governor John Bel Edwards and New Orleans Mayor LaToya Cantrell issued a series of orders and emergency proclamations restricting public gatherings and limiting restaurant operations.[7] Plaintiff alleges that it sustained a "massive and detrimental hit to its business income"  and lost the "functionality and use of its physical property" as a result of these directives.[8] Muriel's avers that its losses constitute "direct physical losses" covered by the Policy.[9]

Muriel's alleges that State Farm nevertheless denied coverage, claiming that Muriel's: (1) had not suffered physical loss or damage, and (2) was precluded from coverage due to the "virus exclusion."[10] Muriel's asserts that State Farm's denial of coverage constitutes a breach of contract resulting in "significant damages."[11] Muriel's also seeks a judicial declaration as to its rights and

---

[4] *Id.* at 3.

[5] *Id.*

[6] *Id.*

[7] *Id.* at 10–20.

[8] *Id.* at 4–5.

[9] *Id.*

[10] *Id.* at 5 (internal quotations omitted).

[11] *Id.* at 7.

State Farm's obligations under the Policy.[12]

## B.    *Procedural Background*

On June 22, 2020, Muriel's filed a petition in the Civil District Court for the Parish of Orleans, State of Louisiana.[13] State Farm removed the case to this Court on August 19, 2020, asserting diversity jurisdiction under Title 28, United States Code, Section 1332.[14]

On September 11, 2020, Muriel's filed the instant motion to remand the case to state court.[15] In support of remand, Muriel's argues that Louisiana law requires that foreign insurers such as State Farm submit to the exclusive jurisdiction and venue of the state courts of Louisiana in exchange for the right to sell insurance policies to its citizens.[16]

On September 16, 2020, State Farm filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[17] On September 23, 2020, Muriel's filed a motion to continue the submission date of State Farm's motion to dismiss, requesting that the Court defer ruling on State Farm's motion to dismiss until after it rules on Muriel's motion to remand.[18] On October 1, 2020, the Court granted Muriel's motion and continued the submission date for "State Farm's Rule 12(b)(6) Motion to Dismiss Plaintiff's Petition for Failure to State a Claim"[19] to November 18, 2020.

---

[12] *Id.* at 8.

[13] Rec. Doc. 1-1.

[14] Rec. Doc. 1.

[15] Rec. Doc. 9.

[16] *Id.* at 1.

[17] Rec. Doc. 12.

[18] Rec. Doc. 13.

[19] Rec. Doc. 12.

On October 13, 2020, State Farm filed an opposition to the instant motion to remand.[20] With leave of Court, Muriel's filed a reply memorandum in further support of the motion to remand on October 19, 2020.[21] On October 22, 2020, with leave of Court, State Farm filed a sur-reply to Muriel's reply memorandum.[22]

## II. Parties' Arguments

### A.   Muriel's Arguments in Support of the Motion to Remand

In the motion to remand, Muriel's "does not challenge the jurisdiction of this Court over the instant matter based on diversity of citizenship and a claim in excess of the $75,000."[23] Rather, Muriel's argues that State Farm waived its right to remove the instant action to federal court.[24] Muriel's relies on Louisiana Revised Statute § 22:868 to argue that "State Farm agreed to subject itself to the exclusive jurisdiction and venue of Louisiana's state courts."[25]

Louisiana Revised Statute § 22:868, as amended in June 2020, provides, in pertinent part:

A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, ..., shall contain any condition, stipulation, or agreement either:
(1) Requiring it to be construed according to the laws of any other state or country except as necessary to meet the requirements of the motor vehicle financial responsibility laws of such other state or country.
(2) Depriving the courts of this state of the jurisdiction or venue of action against the insurer.[26]

---

[20] Rec. Doc. 19.

[21] Rec. Doc. 23.

[22] Rec. Doc. 26.

[23] Rec. Doc. 9-1 at 4.

[24] *Id.* at 1.

[25] *Id.*

[26] La. Rev. Stat. Ann. § 22:868, as amended by 2020 La. Sess. Law Serv. Act 307 (S.B. 156) (WEST).

4

Muriel's contends that pursuant to § 22:868, "in exchange for the right to sell insurance in Louisiana[,] foreign insurers are required to agree that they cannot deprive Louisiana's state courts of jurisdiction or venue over disputes with the insureds."[27] Muriel's argues that the statutory language of § 22:868(A)(2) constitutes "a forum selection prohibition enacted as part of the Insurance Code's goal to protect Louisiana insureds," and by "chos[ing] to sell insurance in Louisiana," State Farm "overt[ly] waive[d] its right to seek redress by any court other than a Louisiana state court."[28] In addition, Muriel's contends that pursuant to § 22:868, "State Farm was not allowed to state plainly in a bilateral contract that federal court was the forum of choice."[29] Muriel's also notes that in June 2020, the Louisiana legislature "clarified its intent that jurisdiction *and venue* before a court 'of the state' of Louisiana is required for any dispute over an insurance contract regulated by the Louisiana Department of Insurance."[30]

### B.  State Farm's Arguments in Opposition to the Motion to Remand

State Farm offers four arguments in opposition to Muriel's motion to remand.[31] First, State Farm argues that "there is no basis in federal law for remand."[32] Specifically, State Farm contends that Muriel's does not base its motion for remand on the grounds set forth in 28 U.S.C. § 1446(c), and that "[f]ederal abstention jurisprudence provides no basis for remand here."[33]

Second, State Farm argues that "the Supremacy Clause [of the United States Constitution]

---

[27] Rec, Doc. 9-1 at 5.

[28] *Id.* at 6–7.

[29] *Id.* at 7.

[30] *Id.* at 10 (emphasis in original).

[31] Rec. Doc. 19.

[32] *Id.* at 3.

[33] *Id.*

prohibits Muriel's argument because the states may not infringe on the right of removal."[34] Specifically, State Farm contends that remanding the instant action on the basis of § 22:868 would be unconstitutional because it would require the Court to "find that state legislatures are empowered to enact laws which limit federal subject matter jurisdiction (original and/or removal)."[35] State Farm asserts that state law "cannot alter or limit a federal court's original jurisdiction" in this way.[36] For this reason, State Farm avers that "[u]nder the Supremacy Clause, a Louisiana law cannot be interpreted to compel State Farm, a foreign insurer, to waive its constitutional right to federal jurisdiction under 28 U.S.C. § 1332."[37]

Third, State Farm argues that "[Louisiana Revised Statute §] 22:868 solely addresses the *contractual* requirements for policies and does not purport to address matters outside the scope of the contract of insurance."[38] State Farm contends that § 22:868 does not dislodge the "long-established constitutional right of defendants to remove suits to federal court, and the long-established federal law prohibiting states from attempting to limit this right."[39] Rather, State Farm asserts that § 22:868 prohibits insurers from issuing policy contracts containing a condition requiring policyholders to agree to litigate disputes outside of Louisiana.[40] For this reason, State Farm argues that § 22:868 is inapplicable to the instant lawsuit.[41]

---

[34] *Id.* at 4.

[35] *Id.*

[36] *Id.* at 5.

[37] *Id.* at 6.

[38] *Id.* at 7 (emphasis in original).

[39] *Id.* at 8.

[40] *Id.* at 7.

[41] *Id.* at 7–8.

Fourth, State Farm argues that the amendment adding "or venue" to the statutory text of § 22:868 became effective on August 1, 2020, and does not apply retroactively to this matter.[42] Specifically, State Farm asserts that the amendment is "substantive in nature" and therefore applies only prospectively pursuant to Louisiana Civil Code article 6.[43] Because the instant lawsuit was filed in July 2020, State Farm contends that the amended Louisiana Revised Statute § 22:868 does not apply.[44]

## C.      *Muriel's Arguments in Further Support of the Motion to Remand*

In reply, Muriel's first argues that the McCarran–Ferguson Act, 15 U.S.C. § 1012, controls in the event of a conflict between state and federal law regarding regulation of the insurance industry.[45] Muriel's contends that, pursuant to the McCarran–Ferguson Act and Fifth Circuit precedent interpreting the McCarran–Ferguson Act, Louisiana Revised Statute § 22:868 "cannot be preempted by the removal statutes of 28 U.S.C. § 1441."[46] Instead, Muriel's contends that the McCarran–Ferguson Act provides for "reverse-preemption" whereby state law supersedes an otherwise applicable federal statute unless the federal statute "specifically relates to the business of insurance."[47]

Second, Muriel's argues that § 22:868 does apply to the instant lawsuit because State Farm removed the action on August 9, 2020, after § 22:868 was amended to include the "or

---

[42] *Id.* at 8–9.

[43] *Id*. at 9.

[44] *Id.* at 8–9.

[45] Rec. Doc. 23 at 1; *id.* at 2–5.

[46] *Id.* at 1.

[47] *Id.* at 3.

venue" language that Muriel's relies upon in its motion to remand.[48] In addition, Muriel's contends that "[v]enue is a procedural issue as to where a substantive right may be enforced," and that "[t]he change to clarify venue in La. R.S. 22:868 is therefore clearly retroactive."[49]

### D.   State Farm's Arguments in Further Opposition to the Motion to Remand

In the sur-reply memorandum, State Farm submits that Muriel's is "in essence" requesting that "the Court abstain from exercising its subject matter jurisdiction."[50] State Farm then argues that "the Court has no discretion to abstain from exercising its jurisdiction over a suit for money damages."[51] Additionally, State Farm relies on Fifth Circuit precedent to assert that "[t]he McCarran–Ferguson Act does not reverse-preempt the Court's subject matter jurisdiction."[52]

State Farm then argues that even if the McCarran–Ferguson Act could enable state law to reverse-preempt the federal diversity jurisdiction statute, the McCarran–Ferguson Act does not apply here for three reasons.[53] First, State Farm contends that reverse-preemption is only implicated when a state law conflicts with an "Act of Congress," and this Court's subject matter jurisdiction arises under federal common law and the Constitution, not a congressional enactment.[54] Second, State Farm avers that § 22:868 "was not enacted 'for the purpose of regulating insurance' within the meaning of the McCarran-Ferguson Act."[55] Third, State Farm

---

[48] *Id.* at 6.

[49] *Id.* at 7.

[50] Rec. Doc. 26 at 3.

[51] *Id.* at 4.

[52] *Id.* at 4–7.

[53] *Id.* at 7–12.

[54] *Id.* at 8–9.

[55] *Id.* at 9–10.

points to the statutory text of § 22:868 to argue that the statute "is not impaired by the exercise of this Court's subject matter jurisdiction" because the statute does not constitute a "universal ban on removal of insurance suits to federal court."[56]

Finally, State Farm argues that § 22:868 is not procedural in nature, and even if it is procedural, it is "wholly irrelevant" to this dispute.[57]

### III. Law and Analysis

"Federal courts are courts of limited jurisdiction. They possess only the power authorized by Constitution and statute, which is not to be expanded by judicial decree."[58] "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant."[59] The removing party bears the burden of demonstrating that federal jurisdiction exists by a preponderance of the evidence.[60] Moreover, the removal statute must be strictly construed, and "any doubt about the propriety of removal must be resolved in favor of remand."[61]

### A.      *Whether the Court has subject matter jurisdiction under 28 U.S.C. § 1332*

A defendant generally may remove a state court civil action to federal court when the federal court has original jurisdiction over the action.[62] A federal court has original jurisdiction over an action when the case "is between citizens of different states" and the amount in

---

[56] *Id.* at 10–11.

[57] *Id.* at 12.

[58] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

[59] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)).

[60] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[61] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (internal citation omitted); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[62] 28 U.S.C. § 1441(a).

controversy "exceeds the sum or value of $75,000."[63] "[T]he party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper."[64] When determining whether diversity jurisdiction is present, a federal court considers "the claims in the state court petition as they existed at the time of removal."[65]

In the notice of removal, State Farm adequately pleads the requirements for federal diversity jurisdiction.[66] State Farm is a citizen of Illinois, and Muriel's is a limited liability company whose members are citizens of Louisiana and Nevada.[67] Muriel's seeks damages for loss of income and extra expenses in the amount of $976,579.33.[68] Moreover, Muriel's does not contest that the diversity and amount in controversy requirements for federal subject matter jurisdiction under 28 U.S.C. § 1332 are satisfied.[69] Accordingly, the Court finds that it has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

**B.**     ***Whether Louisiana Revised Statute § 22:868 is applicable to the instant dispute***

Muriel's relies on Louisiana Revised Statute § 22:868 to argue that in exchange for the right to sell insurance policies to Louisiana citizens, "State Farm agreed to subject itself to the exclusive jurisdiction and venue of Louisiana's state courts."[70] In opposition, State Farm argues

---

[63] 28 U.S.C. § 1332(a)(1).

[64] *Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 397 (5th Cir. 2013).

[65] *Manguno*, 276 F.3d at 723.

[66] Rec. Doc. 1.

[67] *Id*. at 3.

[68] *Id*. at 4.

[69] Rec. Doc. 9-1 at 4 ("Muriel's does not challenge the jurisdiction of this Court over the instant matter based on diversity of citizenship and a claim in excess of the $75,000.).

[70] *Id.*

10

that § 22:868 is inapplicable to the instant lawsuit because the statute "solely addresses the *contractual* requirements for [insurance] policies . . . ."[71]

The plain language of Louisiana Revised Statute § 22:868 indicates that it applies only to contractual agreements and does not dislodge a defendant's statutory right to removal based on 28 U.S.C. § 1332. Louisiana Revised Statute § 22:868, as amended in June 2020, provides, in pertinent part:

> A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, ..., shall contain any condition, stipulation, or agreement either:
> (1) Requiring it to be construed according to the laws of any other state or country except as necessary to meet the requirements of the motor vehicle financial responsibility laws of such other state or country.
> (2) Depriving the courts of this state of the jurisdiction or venue of action against the insurer.[72]

By its plain language, the statute prohibits a "*condition, stipulation or agreement* . . . [d]epriving the courts of this state of the jurisdiction or venue of action against the insurer."[73] In this case, neither party asserts that the insurance policy at issue contains a condition, stipulation, or agreement—in the form of a forum selection clause or otherwise—depriving the Louisiana state courts of jurisdiction or venue. Rather, after Muriel's filed a petition in Louisiana state court, State Farm relied on the federal removal statute, 28 U.S.C. § 1441, to remove this action to the United States District Court for the Eastern District of Louisiana.[74]

---

[71] Rec. Doc. 19 at 7–8 (emphasis in original).

[72] La. Rev. Stat. Ann. § 22:868, as amended by 2020 La. Sess. Law Serv. Act 307 (S.B. 156) (WEST).

[73] *Id.* (emphasis added). In addition, subsection (D) of Louisiana Revised Statute § 22:868, enacted as part of the June 2020 amendment to the statute, illustrates that § 22:868 pertains only to contractual agreements limiting forum or venue selection. Subsection (D) reads: "The provisions of Subsection A of this Section shall not prohibit a *forum or venue selection clause in a policy form* that is not subject to approval by the Department of Insurance." La. Rev. Stat. Ann. § 22:868(D) (emphasis added).

[74] Rec. Doc. 1.

Yet Muriel's argues that § 22:868 nevertheless applies because, under the statute, "State Farm was not allowed to state plainly in a bilateral contract that federal court was the forum of choice" and therefore effectively waived its right to remove an action filed in state court to federal court.[75] The Court is not persuaded by this reasoning for three reasons. First, Fifth Circuit precedent dictates that waiver of the right to removal must be "clear and unequivocal."[76] Here, the statute prohibits only a contractual deprivation of Louisiana state courts' jurisdiction and venue in an insurance policy; it is entirely silent as to the right to removal and waiver of that right.[77]

Second, although § 22:868 may prohibit an insurer from imposing a mandatory forum selection clause that would deprive the Louisiana state courts of jurisdiction and venue over claims by insureds, § 22:868 does not, by its text, prohibit a permissive forum selection clause.[78] In other words, a permissive forum selection clause conferring jurisdiction and venue in the Eastern District of Louisiana, but also permitting litigation elsewhere, would not run afoul of the statutory language in § 22:868 because it would not deprive the Louisiana state courts of jurisdiction and venue. Similarly, a forum selection clause that designates either the Louisiana state courts *or* the Eastern District of Louisiana as the exclusive jurisdiction and venue for an action against the insurer would not, on its face, violate the statute. Under both of these hypothetical contractual provisions, litigation could proceed in the Eastern District of Louisiana

---

[75] Rec. Doc. 9-1 at 7.

[76] *McDermott Int'l, Inc. v. Lloyds Underwriters*, 944 F.2d 1199 (5th Cir. 1991); *see also City of New Orleans v. Municipal Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) ("For a contractual clause to prevent a party from exercising its right to removal, the clause must give a 'clear and unequivocal' waiver of that right.") (internal citations omitted).

[77] *See* La. Rev. Stat. Ann. § 22:868.

[78] *See* Wright & Miller, Fed. Prac. & Proc. Juris. § 3803.1 (4th ed.).

without depriving the Louisiana state courts of jurisdiction. Accordingly, Muriel's argument that § 22:868 strips this Court of subject matter jurisdiction flies in the face of the text of the statute.[79]

Notably, Muriel's urges the Court to interpret Louisiana Revised Statute § 22:868 as an implicit waiver of the right to removal in actions against foreign insurers selling insurance policies to Louisiana citizens.[80] Such an interpretation of the statute—under which foreign insurance companies automatically waive their federal right to removal as a condition of providing coverage to Louisiana insureds—would raise "serious constitutional doubts" about the constitutionality of Louisiana Revised Statute § 22:868 under the Supremacy Clause of the United States Constitution.[81] In *Terral v. Burke Const. Co.*, the United States Supreme Court held that "[a] state may not, in imposing conditions upon the privilege of a foreign corporation's doing business in the state, exact from it a waiver of the exercise of its constitutional right to resort to the federal courts, or thereafter withdraw the privilege of doing business because of its exercise of such right, whether waived in advance or not."[82] The Supreme Court reasoned that "[t]he principle . . . rests on the ground that the federal Constitution confers upon citizens of one state the right to resort to federal courts in another, that state action, whether legislative or executive, necessarily calculated to curtail the free exercise of the right thus secured is void because the sovereign power of a state in excluding foreign corporations, as in the exercise of all others of its sovereign powers, is subject

---

[79] The parties disagree over whether the June 2020 amendment to Louisiana Revised Statute § 22:868 applies retroactively or prospectively. *See* Rec. Doc. 19 at 8–9; Rec. Doc. 23 at 7–8. The Court declines to decide the retroactive effect of the amendment because the Court finds that the "or venue" language added to the statute in June 2020 does not alter its conclusion that the statute is inapplicable to the instant dispute.

[80] *See* Rec. Doc. 9-1 at 4.

[81] *See Jennings v. Rodriguez*, ⸻ U.S. ⸻, 138 S. Ct. 830, 836, 200 L.Ed.2d 122 (2018).

[82] 257 U.S. 529, 532 (1922).

to the limitations of the supreme fundamental law."[83]

Abiding by the canon of constitutional avoidance,[84] the Court instead construes the statute narrowly and finds it inapplicable to the instant dispute. Accordingly, the Court denies Muriel's motion to remand.

## C.    Whether Louisiana Revised Statute § 22:868 reverse-preempts the federal removal statute

Even assuming that Louisiana Revised Statute § 22:868 applies here, Muriel's has not shown that the state statute reverse-preempts the federal removal statutes.[85] Muriel's relies on the McCarran–Ferguson Act to argue that, to the extent that Louisiana Revised Statute § 22:868 conflicts with 28 U.S.C. § 1441, the federal statute is preempted by state law.[86] In opposition, State Farm argues that reverse-preemption does not apply.[87]

Ordinarily, under the Supremacy Clause of the United States Constitution, state law in conflict with federal law is preempted and has no effect.[88] The McCarran–Ferguson Act, 15 U.S.C. § 1012, was enacted to prevent federal preemption of state statutes regulating the business of insurance and effectuates preemption of federal law ("reverse preemption") under certain circumstances.[89] The McCarran–Ferguson Act provides:

[N]o Act of Congress shall be construed to invalidate, impair or supersede any law

---

[83] *Id.* at 532–33.

[84] *Jennings*, 138 S. Ct. at 836.

[85] Rec. Doc. 23 at 2–5.

[86] *Id.*

[87] Rec. Doc. 26 at 4–11.

[88] U.S. Const. art. VI, cl. 2.; *see also Maryland v. Louisiana*, 451 U.S. 725, 746, 101 S.Ct. 2114, 2128–29 (1981).

[89] *Humana, Inc. v. Forsyth*, 525 U.S. 299, 306, 119 S.Ct. 710, 715 (1999); *Munich Am. Reinsurance Co. v. Crawford*, 141 F.3d 585, 590 (5th Cir.1998).

enacted by any State for the purpose of regulating the business of insurance ... unless such Act specifically relates to the business of insurance.[90]

Louisiana Revised Statute § 22:868 does not reverse-preempt the federal removal statute pursuant to the McCarran–Ferguson Act. It is well established in the Fifth Circuit that the McCarran–Ferguson Act does not deprive the federal courts of jurisdiction.[91] For example, in *Martin Ins. Agency, Inc. v. Prudential Reinsurance Co.*, the Fifth Circuit found that, "[t]he McCarran–Ferguson Act, 15 U.S.C. §§ 1011–15, did not remove diversity jurisdiction from the federal courts in insurance matters. . . ."[92] Additionally, the Fifth Circuit has noted that "[w]e look skeptically on a claim that the McCarran–Ferguson Act intended to deny diversity jurisdiction or federal question jurisdiction to federal courts in the state of Louisiana."[93]

Furthermore, another section of the Eastern District of Louisiana rejected a similar argument in *Charbonnet v. CAN Ins. Co.*, a case involving a lawsuit filed by an insured party against an insurer following Hurricane Katrina.[94] There, on a motion for remand, the plaintiffs argued that since they had alleged a cause of action under the Louisiana Insurance Code, the McCarran–Ferguson Act preempted federal jurisdiction.[95] The district judge rejected the plaintiffs' argument and denied the motion to remand, finding that "[t]he McCarren Ferguson Act

---

[90] 15 U.S.C. § 1012(b).

[91] *See, e.g.*, *United States v. Cavin*, 39 F.3d 1299, 1305 (5th Cir. 1994) ("McCarran-Ferguson does not erect a jurisdictional bar.").

[92] *Martin Ins. Agency, Inc. v. Prudential Reinsurance Co.*, 910 F.2d 249, 254 (5th Cir. 1990); *see also Munich Am. Reinsurance Co.*, 141 F.3d at 595.

[93] *Safety Nat. Cas. Corp. v. Certain Underwriters At Lloyd's, London*, 587 F.3d 714, 725 n. 39 (5th Cir. 2009) (en banc).

[94] No. 06-3034, 2006 WL 2568051 (E.D. La. Sept. 5, 2006) (Barbier, J.).

[95] *Id.* at *1.

[] does not preempt federal jurisdiction over insurance disputes."[96]

Similarly, in *International Ins. Co. v. Duryee*, the United States Court of Appeals for the Sixth Circuit relied on *Terral* to address the constitutionality of an Ohio statute that effectively prohibited out-of-state insurance companies from removing cases from state to federal court by barring such companies from doing business in Ohio.[97] In *Duryee*, the appellant argued that the McCarran–Ferguson Act saved the Ohio statute from unconstitutionality because the Ohio statute was enacted "for the purpose of regulating the business of insurance."[98] The Sixth Circuit rejected the appellant's argument, reasoning that "[t]he statute would effectively allow any person or entity from Ohio who has a grievance with a foreign insurance company, whether related to insurance coverage or not, to keep the insurance company from removing the case to federal court."[99] The court found that "[t]he McCarran–Ferguson Act was not meant to protect a statute so tangentially related to insurance from the general rule of federal law supremacy."[100]

Although the Sixth Circuit's reasoning in *Duryee* is not binding upon this Court, it is nonetheless persuasive in this case, especially in light of governing case law in the Fifth Circuit.[101] Accordingly, the McCarran–Ferguson Act does not oust this Court's federal diversity jurisdiction over this matter.[102]

---

[96] *Id.* at *2 (citing *Cavin*, 39 F.3d at 1305).

[97] 96 F.3d 837, 837 (6th Cir. 1996).

[98] *Id.* at 838.

[99] *Id.* at 840.

[100] *Id.*

[101] Additionally, a district court judge in the Eastern District of Kentucky surveyed instances of McCarran–Ferguson reverse preemption and was "unable to find a Court of Appeals decision that permits federal diversity jurisdiction to be 'reverse preempted' by the McCarran-Ferguson Act*." Maynard v. CGI Techs. & Sols., Inc.*, 227 F. Supp. 3d 773, 778 (E.D. Ky. 2017).

[102] Although Muriel's does not raise abstention doctrine in support of remand, State Farm asserts in

### III. Conclusion

Considering the foregoing reasons, the Court finds that removal is proper pursuant to the federal removal statute, 28 U.S.C. § 1441. Accordingly,

**IT IS HEREBY ORDERED** that Muriel's "Motion to Remand"[103] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this 18th day of November, 2020.


**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

opposition that "[f]ederal abstention jurisprudence provides no basis for remand here." Rec. Doc. 19 at 3. The Court declines to address any abstention issues at this stage but may revisit the issue if properly presented in a subsequent motion.

[103] Rec. Doc. 9.